CASE No. 984.

COLEMAN v. SMITH.

1. A and B administered upon an estate of which C was a distributee, and A became guardian of C.  *Held*, that for moneys in A's hands as admintrator, due to C, A, as guardian, was liable, but of moneys put into the hands of a stranger by act of both A and B, A, as guardian, was chargeable with one-half, and for the other half B was indebted to the ward.
2. To an action by C, after attaining his majority, against A for account and settlement, B was properly made a party upon the petition of A.

Before PRESSLEY, J., Union, June, 1879.

This was an action by Berry Coleman and Emily, his wife, J. Monroe Smith and Sarah, his wife, and Margaret Farr, against James R. Smith and his sureties, commenced in the Court of Common Pleas, April 20th, 1876. Emily, Sarah and Margaret were sisters, daughters of Margaret Farr. Margaret Farr died intestate, and John Brown and James R. Smith administered upon her estate. They made sale of the personalty, and by agreement made the sale-notes payable to B. Johnson, Ordinary, and placed them in his hands for collection. James R. Smith being a purchaser of negro property, made his note for $1006 payable to Johnson, and upon such note afterwards made a payment of $700 to Johnson. Smith became guardian of the three distributees above named. The payment of $700 was made after Smith became guardian. John Brown being dead, his executors were made parties to this action, as stated in the opinion.

All other matters necessary to the points decided are stated in the opinion of this court.

*Mr. J. B. Steedman,* for appellant.

*Mr. I. G. McKissick,* contra.

March 8th, 1881. The opinion of the court was delivered by

SIMPSON, C. J. The plaintiffs, respondents, on April 20th, 1876, instituted an action against James R. Smith, their guardian, and Daniel Gallman and Hugh B. Smith, his sureties on guardianship bonds, for account and settlement.

These respondents were entitled to shares in several estates, among them that of their deceased mother, Margaret Farr. Of this estate James R. Smith and one John Brown were the administrators. Before the settlement of this estate John Brown, who seems to have been the acting administrator, had died, leaving a will, upon which Sarah Brown and Calvin F. Brown qualified as executors.

After the above action had commenced, James R. Smith, in

view of the fact that the settlement of the guardianship matters would involve an accounting of the estate of Margaret Farr, deceased, filed a petition *in re*, asking that the executors of John Brown, his deceased co-administrator, be made parties. Accordingly, by order of Judge Northrop, the executors of John Brown were brought in. The case was then referred to Robert W. Shand, Esq., to hear and determine all the issues involved. The referee heard the case and made his report. In the estate of Margaret Farr, deceased, he found in the hands of the administrators, undistributed and unaccounted for, the sum of $801.75, of which administrator James R. Smith owed, on account of purchases at sale, balance of note, $532.15, leaving $269.60 in the hands of the two administrators or their agent. The referee recommended that the complaint be dismissed as to Sarah Brown, as executrix of John Brown, with costs to be paid by James R. Smith. James R. Smith excepted to this portion of the report. Judge Pressley sustained this exception and decreed in favor of plaintiffs, against Sarah Brown and Calvin F. Brown, as executors of John Brown, the sum of $134.80, with interest, just one-half of the $269.60, which had been reported by the referee as in the hands of the two administrators of the estate of Margaret Farr, *i. e.*, James R. Smith and John Brown, deceased. From this decree the executors of John Brown have appealed.

The grounds of appeal, although presented in several forms, raise substantially but two questions. *First.* That the recommendations of the referee that the complaint be dismissed as to the executors of John Brown, because they were improperly made parties, should have been sustained. *Second.* Because Judge Pressley erred in decreeing against said executors the sum of $134.80, with interest, as, in any event, James R. Smith should have been held primarily liable for this sum.

The referee gives no reason for his recommendation, nor does the presiding judge, in overruling it, discuss the question, so that we are left in the dark as to the considerations which controlled their judgments respectively.

The grounds taken by the appellant are: *First.* That the fund in question having been reported by the referee as in the hands

2 K

of the administrators of Margaret Farr, deceased, and James R. Smith being one of them, was, by operation of law, transferred to himself as guardian, to the release of the administrator of Margaret Farr. This principle is well understood, and applies in all cases where a party unites the two characters of debtor and creditor, inasmuch as in such cases no suit can be instituted to enforce payment—the law presumes payment. And it has been held in several cases that where an administrator becomes guardian of the distributees of his intestate's estate, his administration bond is at once discharged and liability attaches at once on his guardianship bond. He is presumed, as administrator, to have paid himself as guardian. *Johnson* v. *Johnson*, 2 *Hill's Ch.* 277; *Simkins* v. *Cobb*, 2 *Bail.* 60; *O'Neall* v. *Herbert, Dud. Eq.* 30; *Same* v. *Same, McM. Eq.* 495; *Jacobs* v. *Woodsides*, 6 *S. C.* 498.

If, in this case, then, James R. Smith had been the sole administrator of the estate of Margaret Farr, this principle would have applied, and, by operation of law, the funds in his hands as administrator would have been transferred to himself as guardian, to the release of his sureties on his administration bond. But in this case there were two administrators, and the question is, does this principle apply in a case of this kind?

It is established law, supported by many decisions, both with regard to executors and administrators, that they are not liable, as such, for each other's acts. As to administrators, if they give a joint bond, they may be jointly liable as sureties for each other; but the Court of Equity has always discriminated and charged each with his own proper default. The general rule was established first as to executors, and it was held that one executor was not liable for the assets which came into the hands of his co-executor, unless, under peculiar circumstances, such as having paid them over to him, joining in a receipt, or in a misapplication of the funds. *Wms. on Ex'rs* 1118, *et seq.*

As to administrators, however, it was questioned whether one administrator had equal power with that of executors, and the attempt was made to distinguish between them as to this principle, but it was finally established that they stood on the same ground, and that there was no difference in principle as to their

powers and liabilities.   *Jacomb* v. *Harwood*, 2 *Ves.*, *Sr.*, 267 ; Willand *v.* Fenn, there cited ; and in our own state we find the cases of *Gayden* v. *Gayden*, *McM. Eq.* 444 ; *O'Neall* v. *Herbert*, *Id.* 498, where this doctrine is discussed and maintained.

Each administrator, then, where there are two or more of the same estate, being responsible as administrator for his own acts alone ;   in such case, where one of them becomes the guardian of the distributees of the intestate's estate, he would unite the character of debtor and creditor only to such amounts as he himself had received, as administrator, belonging to his wards, because only to such amounts is he a debtor to the estate, and it would be only to such amounts that, by operation of law, he would be held to have paid himself as creditor.   The amounts received by his co-administrator would be the debt of such administrator, for which he could be held liable only secondarily, not as administrator, but as surety on the joint administration bond.

The case of *O'Neall* v. *Herbert*, *supra*, was very similar to the case now before the court.   In that case the above principle was announced.   Herbert was the administrator of the surety of a guardian, J. W. Selby.   Selby and one Murray had administered upon the estate of Mrs. McHenry, deceased, after which Selby had become the guardian of Mrs. McHenry's children, her distributees.   Selby having died, Judge O'Neall was appointed guardian in his stead.   The estate of Selby being regarded insolvent, Judge O'Neall instituted suit against Herbert as administrator of the only solvent surety of Selby to recover the funds of his wards.   This required an accounting of the estate of Mrs. McHenry, the mother.

The commissioner reported the case in a two-fold aspect.   *First,* he embraced the amounts which Selby had received himself as administrator ; and, *second,* he embraced also a considerable amount which his co-administrator, Murray, had received in Florida, and no part of which was proved to have ever reached the hands of Selby. ,

The question was made whether the surety of the guardian, Selby, should be made liable only for that portion of the estate of Mrs. McHenry which he actually received as administrator, or whether he should also be held for the amount received by Murray, his co-administrator, on the principle that he was liable

for both as administrator, and, by operation of law, the whole amount had been transferred to him as guardian, and had attached on his guardianship bond.

The court held that this principle applied only to the amount actually received by himself. That as to the amount received by his co-administrator he might be made responsible on the joint administration bond as a surety, but that this was a secondary liability, which did not attach until default of his principal, and, therefore, the sureties on his guardianship bond were not liable for this amount.

Now apply these principles to the facts of the case now before the court.

The referee reports that the balance of the estate of Mrs. Margaret Farr amounts to $801.75; that, of this, James R. Smith, administrator, owes by balance on note $532.15; the remainder, $269.60, he reports is in the hands of the two administrators or their agent, B. Johnson. The amount due by Smith, $532.15, he must be supposed to have received himself, and as to this the principle above applies, and has carried this sum into his pocket as guardian, and he has been properly charged with that as guardian. The $269.60 being reported in the hands of the two administrators or their agent, B. Johnson, it is fair to presume that each had one-half. This would make Smith, as guardian, liable for $134.80, and the executor of Brown for the same. As between themselves, at least, this would be just. If the estate of Brown was insolvent, and made default, Smith, as surety on the administration bond, would be responsible for this amount to the plaintiffs; but there is no allegation of that kind here, and we suppose the decree can be enforced against the executors of Brown. This conclusion will make it unnecessary to discuss the second question of appellant, which was that in no event should the executors of Brown be made primarily liable.

Inasmuch as one of the prominent features in this case involved an accounting with the estate of Margaret Farr and the liability of the two administrators, Brown being one, we think that his executors were properly made parties.

Judgment below affirmed and appeal dismissed.

McIVER and McGOWAN, A. J.'s, concurred.